ALBERT D. COOKE v. THE COURT OF COMMON PLEAS OF MERCER COUNTY.

The Court of Common Pleas of Mercer county has no power to grant a license to keep an inn and tavern in the borough of Princeton. The common council of the borough has the exclusive power to grant license to sell intoxicating liquors within said borough.

---

On application for *mandamus.*

Argued at June Term, 1888, before Justices DEPUE and VAN SYCKEL.

For the plaintiff, *C. H. Beasley.*

For the defendant, *J. F. Hageman, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Cooke, the relator, in due form, made application to the Court of Common Pleas of the county of Mercer to grant him a license to keep an inn and tavern in the borough of Princeton.

The court refused to entertain the application, on the ground that it had no jurisdiction to hear it.

The question in the case is whether said court has the power to grant a license to keep an inn and tavern in said borough.

The act entitled "An act to revise the charter of the borough of Princeton," approved April 3d, 1873 (*Pamph. L., p.* 567), provides as follows:

" That the mayor and council of the borough of Princeton shall have power to pass, enforce, alter and repeal ordinances to take effect within said borough ; to license and regulate or prohibit restaurants, beer saloons, bowling-alleys, billiard saloons, oyster-houses and cellars, hay-scales, and to regulate or prohibit all traffic in or sale of intoxicating drinks in said borough ; to regulate or prohibit the sale of liquors by druggists, and the keepers of any drug stores therein, except in cases of prescription by regularly licensed physicians ; to license, regulate or prohibit hawkers and hucksters, on such terms, and under such regulations and penalties, as the said council shall by ordinance impose ; and no license for any of the above purposes within said borough, granted by any other authority, shall be lawful, except licenses granted by the governor to hawkers and peddlers."   Section 27, subdivision 15.

It is insisted that the right to license inns and taverns not being among the enumerated powers in this section, the exclu-

sive jurisdiction to grant such licenses remains in the Common Pleas. Such a construction would override the clearly expressed intention of the draftsman of this charter.

Not only does it bestow upon the common council the power to regulate or prohibit all traffic in or sale of intoxicating drinks in said borough, but it declares that no license to traffic in or sell intoxicating drinks within said borough, granted by any other authority, shall be lawful. A license by the Common Pleas would contravene this explicit provision. The relator in his petition asked the Common Pleas to do that which the statute says it shall not be lawful to do.

It may be that the power still resides in the Common Pleas to grant licenses to keep temperance inns in said borough, but no license which authorizes the sale of intoxicating liquors within the borough can be granted by any authority other than that of the said common council. Such is the plain reading and intent of the statute.

The *mandamus* to the Common Pleas is denied, with costs.